## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY POTTS, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>     v.<br><br>NOVITAS SOLUTIONS, INC.,<br><br>and<br><br>DIVERSIFIED SERVICE OPTIONS, INC. d/b/a GUIDEWELL SOURCE,<br><br>        Defendants. | Case No.: _____<br><br>COMPLAINT – CLASS ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, CINDY POTTS ("Ms. Potts" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, hereby file this Collective and Class Action Complaint ("Complaint") against Defendants NOVITAS SOLUTIONS INC. ("Novitas") and DIVERSIFIED SERVICE OPTIONS, INC. d/b/a GUIDEWELL SOURCE ("Guidewell," and collectively with Novitas as "Defendants"), and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"),

and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as follows:

## NATURE OF CASE

Novitas, a wholly owned subsidiary of Guidewell, employs nearly two-thousand (2,000) employees, including several individuals in its Targeted Education Specialist ("TES") position. Novitas employs its TES workers across four (4) states, including the Commonwealth of Pennsylvania. During its years of operation commencing in 1998, Novitas has engaged in business practices that have violated the rights of its TES workers as they relate to their payment and wages. Novitas has misclassified its TES position as exempt under both federal and state wage and hour laws, and thus failed to pay these employees proper overtime wages for their work in excess of forty (40) hours per week. Novitas has consistently required its TES workers to work in excess of forty-five (45) hours per week in order to meet weekly and monthly, time-sensitive goals established by Novitas.  As such, Novitas has received unpaid labor from its numerous TES workers each and every day.  This lawsuit is therefore brought as (a) a collective action under the FLSA and (b) a class action under Fed. R. Civ. P. 23, the PMWA and PWPCL.

## PARTIES

### A.    Named Plaintiff

1.    Ms. Potts was employed by Defendants as a TES at Novitas' business location in Mechanicsburg, Pennsylvania ("Mechanicsburg Location") from in or about September 2018 to in or about April 2022.  Previously, Ms. Potts was employed by Defendant as a Licensed Practical Nurse at the Mechanicsburg Location, from in or about August 2012 until transitioning to her role as a TES.  Ms. Potts is a resident of the Commonwealth of Pennsylvania, residing in Cumberland County, Pennsylvania. Ms. Potts' consent to join the class action aspect of this lawsuit is attached to this Complaint as **Exhibit A**.

2.    At all times relevant to this Complaint, Ms. Potts, and all those similarly situated, were "employees" of Defendants for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA 29 U.S.C. §§ 206 and 207.

### B.    Defendants

3.    Novitas is a business corporation established under the laws of the Commonwealth of Pennsylvania with a principal place of business in Mechanicsburg, Cumberland County, Pennsylvania.

4.    Guidewell is a Florida corporation and the parent-company of three wholly owned subsidiaries, including Novitas.

3

5.      At all times relevant to this action, Defendants were each an "employer" as defined by the FLSA and PWPCL.

6.      At all times relevant to this action, Defendants each acted as the employer of Ms. Potts and those similarly situated.

7.      At all times relevant to this Complaint, Defendants each have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.      At all times relevant to this Complaint, Defendants each have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because they have engaged employees in commerce.  29 U.S.C. § 203(s)(1).

9.      Defendants each have had, and continue to have, an annual gross income of sales made, or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

10.     The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions.  Subject matter jurisdiction over Named Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11.     The PWPCL provides for a private right of action to enforce its provisions.  This Court has supplemental jurisdiction over Pennsylvania state law

claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Plaintiffs' federal claims as to form part of the same case and controversy.

12.    Venue is proper in this District pursuant to 28 U.S.C § 1391(b).  The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District.  Further, Defendants regularly transact substantial business within this District and are residents of this District.

## FACTUAL ALLEGATIONS

### *Violations of the FLSA, PMWA and PWPCL*

13.    Named Plaintiff was employed by Defendants as a TES.  Named Plaintiff has been required and/or permitted to work in excess of forty (40) hours per workweek but has been inaccurately identified as an exempt employee under the FLSA and PMWA, and as such, has not been compensated lawfully for all hours worked over forty (40) hours in a given workweek as required by the FLSA, PMWA and PWPCL.

14.    Following Defendants' creation of the TES position in 2018, Defendants have had, and continue to have, a policy and practice of not correctly compensating its TES workers, to wit:

a.  The TES position includes reviewing documents for and educating medical providers of coding and/or billing errors, incomplete documentation, and other errors on medical documents.

b.  Upon the discovery of an error, TES workers have no decision-making authority to correct the error, nor do they have decision-making authority to override a suggested correction to the error made by a medical provider.

c.  When an error in a medical document is discovered by a TES, the error was elevated to a Registered Nurse who has decision-making authority to correct the error.

d.  The majority of the education component consists of a TES reading scripted language drafted by Defendants to a medical provider.

e.  TES workers are hired and compensated to work a required minimum forty (40) hour workweek at a designated annual rate of pay for all services provided, calculated as an hourly rate and payable on a bi-weekly basis;

f.  TES workers are required to track their hours worked each week and submit an accounting of such hours to management-level employees of Defendants;

g.  TES workers are required to work at least eight (8) hour daily shifts five (5) days per week throughout the scheduled workweek;

h.  TES workers, however, were routinely directed by management-level employees of Defendants that they were expected to work at least forty-five (45) hours per week;

i.  TES workers, however, are never compensated for any hours worked in excess of forty (40) hours in a workweek beyond their designated annual rate of pay;

j.  It is common for TES workers to work between forty-five (45) and fifty (50) hours each workweek without being compensated beyond their annual rate of pay, including payment at the proper overtime rate for hours worked in excess of forty (40) hours per workweek.

## NAMED PLAINTIFF'S EXPERIENCE AS A TARGETED EDUCATION SPECIALIST

*Cindy Potts*

15.    Ms. Potts was hired as a Clinical Nurse Reviewer by Defendants in or about August 2012.  Ms. Potts' employment position as a Clinical Nurse Reviewer was identified as exempt from overtime payment under the FLSA and PMWA.

16.    In or about September 2018, Defendants transitioned Ms. Potts into the TES position at an annual pay rate of $61,000 per year and her employment position remained identified as exempt from overtime payment under the FLSA and PMWA,

despite a significant change in the essential functions of her job.  Specifically, in her position as a TES worker, Ms. Potts was removed from any job functions which gave her decision-making authority.

17.    During her employment Ms. Potts was routinely informed by management-level employees of Defendants that she was expected to work in excess of forty-five (45) hours per week, despite being informed at the onset of her employment that she was expected and compensated to work forty (40) hours per week.

18.    During this time, Ms. Potts learned that TES workers were misclassified as exempt employees under federal and state wage and hour laws, and therefore denied straight time and overtime wages for all work performed in excess of forty (40) hours per week.

19.    Ms. Potts' actual job functions, duties and responsibilities did not subject Ms. Potts to any of the exemption identified in the Section 213 of the FLSA or Section 33.105 of the PMWA.

## **JOINT-EMPLOYMENT ALLEGATIONS**

20.    At all times relevant to this Complaint, Guidewell operated as the parent company of Novitas, and Novitas was a wholly-owned subsidiary of Guidewell.

21.    The corporate executives of Guidewell and Novitas are intertwined and overlap to ensure the consistency required and necessary to operate Novitas.

22.    At all times relevant to this Complaint, Guidewell and Novitas jointly employed Named Plaintiff and the similarly situated members of the various Classes evidenced by their shared involvement in the terms of their employment and conversation.

23.    At all times relevant to this Complaint, Guidewell and Novitas operated as a single entity for purposes of the wage and hour allegations set for herein, having the effect that the unlawful conduct of Guidewell and/or Novitas is imputed to the other, therefore satisfying the applicable standards of joint employers within the meaning of the FLSA and PMWA.

24.    At all relevant times, Guidewell and Novitas consolidated their decision-making with regard to the wage and hour allegations set for herein, and collectively controlled and implemented policies that resulted in a failure to pay wages in violation of the EPA, FLSA, PMWA, and PWPCL.

25.    Accordingly, Guidewell and Novitas engaged in joint employment practices with regard to Named Plaintiffs and similarly situated members of the various Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER FLSA

26.    Defendants engaged in systemic wage and house violations against their TES workers.  Defendants have caused, contributed to, and perpetuated unpaid wages through common policies, practices, and procedures, including but not limited to common compensation and centralized decision making.

27.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unpaid wages earned by TES workers in Defendants' business locations.

28.    Named Plaintiff brings Count I for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all members of the FLSA Collective Action Class ("FLSA Collective Action Class).  The FLSA Collective Action Class is defined as follows:

> All individuals who are or have been employed by Defendants as a Targeted Education Specialist (TES) from three (3) years prior to the filing date of this Complaint up until this FLSA Collective Action Class is finally certified by the Court who have worked more than forty (40) hours per week without being properly compensated and paid wages for all hours worked.

29.    Named Plaintiff seeks to represent all TES workers, as described above, on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record and/or pay for, all hours worked, including overtime compensation.  Defendant willfully violated the FLSA through its failure

to properly pay the Named Plaintiff and FLSA Collection Action Class all overtime hours they have worked.  In particular, the Named Plaintiff and FLSA Collection Action Class often worked in excess of forty (40) hours per week, and in such cases Defendant did not pay the Named Plaintiff and FLSA Collection Action Class additional compensation of, at least, the legally mandated rate.  Specifically, Defendant forced the Named Plaintiff and FLSA Collection Action Class to work at least five (5) overtime hours per week without any overtime pay. Defendants' TES workers do not fall into any of the aforementioned categorical exemptions from overtime pay obligations. Named Plaintiff and FLSA Collection Action Class Defendants knew and have been aware at all times that the Named Plaintiff and FLSA Collection Action Class regularly worked in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked.

30.    The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

31.    Questions of law and fact common to the Named Plaintiff and FLSA Collective Action Class include but are not limited to the following:

      a.    Whether Defendants unlawfully failed, and continue to unlawfully fail, to compensate TES workers for all work performed;

b. Whether Defendants' policy, practice, or procedure of failing to compensate TES workers for all work performed violates the applicable provisions of the FLSA; and

c. Whether Defendants' failure to compensate TES workers for all work performed was willful within the meaning of the FLSA?

32.    Named Plaintiff's FLSA claim may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Named Plaintiff is similarly situated to the other TES employees described in the FLSA Collective Action Class. Named Plaintiff's claims are similar to the claims asserted by the FLSA Collective Action Class.

33.    The Named Plaintiff and FLSA Collective Action Class are (a) similarly situated; and (b) are subject to Defendants' common compensation policies, practices and procedures and centralized decision-making resulting in unpaid wages for all work performed.

**CLASS ACTION ALLEGATIONS UNDER THE PMWA AND PWPCL**

34.    Named Plaintiff brings Count II for violations of the PMWA and Count III for violations of the PWPCL as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all members of the State Class (the "State Class"). The State Class is defined as follows:

All individuals who are or have been employed by Defendants as a Targeted Education Specialist (TES) in the Commonwealth of

Pennsylvania from three (3) years prior to the filing date of this Complaint up until this State Class is finally certified by the Court, who have worked more than forty (40) hours per week without being properly compensated and paid wages for all hours worked.

35.    Named Plaintiff seeks to represent all of Defendants' TES employees who worked in the Commonwealth of Pennsylvania, as described above, on a class basis challenging, among other PMWA and PWPCL violations, Defendants' practice of failing to accurately record, and pay for, all hours worked, including overtime compensation.  Defendants willfully violated the PMWA and PWPCL through their failure to properly pay the Named Plaintiff and State Class for all overtime hours they have worked.   In particular, the Named Plaintiff and State Class often worked in excess of forty (40) hours per week, and in such cases Defendants did not pay the Named Plaintiff and State Class additional compensation of, at least, the legally mandated rate.  Specifically, Defendants knew and have been aware at all times that the Named Plaintiff and State Class regularly worked in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked.

36.    The State Class as defined above is identifiable.  Named Plaintiff is a member of the State Class.

37.    The State Class, upon information and belief, consists of dozens of individuals, both current and former employees of Defendants, and is thus so numerous that joinder of all members is impracticable.

38.    Furthermore, members of the State Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

39.    There are questions of law and fact which are not only common to the State Class, but which predominate over any questions affecting only individual members of the State Class.  The predominating common questions include, but are not limited to:

    a.  Did Defendants fail to pay overtime for all hours worked in excess of forty (40) hours per workweek;

    b.  Did Defendants failure to pay overtime violate the PMWA;

    c.  Did Defendants act willfully, intentionally, and maliciously in failing to pay overtime;

    d.  Did Defendants failure to timely and fully pay employees all wages owed violate the PWPCL; and

    e.  Did Defendants failure to pay employees all wages owed upon termination violate the PWPCL.

40.    The prosecution of the separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

41.     The claims of Named Plaintiff are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

42.     Named Plaintiff will fairly and adequately protect the interests of the State Class.  Named Plaintiff has retained counsel experienced and competent in class actions and complex employment litigation.

43.     Named Plaintiff has no conflict of interest with the State Class.

44.     Named Plaintiff is able to represent and protect the interest of the members of the State Class fairly and adequately.

45.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the State Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

46.     There are no unusual difficulties in the management of this case as a class action.

47.     The books and records of Defendants are material to Named Plaintiff's case as they disclose the rate of pay, hours worked, and wages paid to members of the State Class.

## COUNT I

### (INVIDUAL AND COLLECTIVE ACTION CLAIMS)

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 ("FLSA"), 29 U.S.C. §§ 201, *ET SEQ.* FAILURE TO PAY OVERTIME WAGES (Named Plaintiff and FLSA Collective Action Class v. All Defendants)

48.     Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

49.     This Count is brought on behalf of Named Plaintiff and all members of the FLSA Collective Action Class against Defendants.

50.     At all times material herein, Named Plaintiff and members of the FLSA Collective Action Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

51.     Named Plaintiff and members of the FLSA Collective Action Class are "employees" covered by the FLSA, and Defendants are each their "employer." Defendants, as the employers of Named Plaintiff and members of the FLSA Collective Action Class, were and are obligated to pay Named Plaintiff and members of the FLSA Collective Action Class overtime at one and one-half times (1½) times their hourly rate, based on their regular rate of pay, for all hours worked over forty (40) hours in a workweek.

52.     The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

53.     Defendants are subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

54.     Defendants violated the FLSA by failing to pay Named Plaintiff and those employees similarly situated for overtime.

55.     Section 213 of the FLSA, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Named Plaintiff or members of the FLSA Collective Action Class.

56.     Named Plaintiff and members of the FLSA Collective Action Class are victims of a uniform compensation policy.  On information and belief, Defendants are applying the same unlawful compensation policy to all of their non-exempt, TES employees.

57.     Named Plaintiff and members of the FLSA Collective Action Class are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and

knew, or showed reckless disregard for, whether their conduct was prohibited by the FLSA.

58.    Defendants have not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiff and members of the FLSA Collective Action Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Named Plaintiff and members of the FLSA Collective Action Class are entitled to an award of prejudgment interest at the applicable legal rate.

59.    As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Named Plaintiff and members of the FLSA Collective Action Class. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

60.    As a result of Defendants' unlawful conduct, Named Plaintiff and the members of the FLSA Collective Action Class suffered and will continue to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future

employment opportunities, and other financial losses, as well non-economic damages.

61.    Named Plaintiff and the FLSA Collective Action Class are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF ON COUNT I

WHEREFORE, Named Plaintiff, Cindy Potts, on behalf of herself and the FLSA Collective Action Class, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Novitas Solutions, Inc. and Diversified Service Options, Inc., d/b/a Guidewell Source, jointly and severally, as follows:

A.    Designate this action as a collective action and class action on behalf of the proposed FLSA Collective Action Class and

    a.    Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the FLSA Collective Action Class, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely Fair Labor Standard Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

    b.    Toll the statute of limitations on the claims of all members of the FLSA Collective Action Class from the date the original complaint was filed until the members of the FLSA Collective Action Class are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B.      Designate Named Plaintiff, Ms. Potts, as representative of the FLSA Collective Action Class;

C.      Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

D.      Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E.      Award back pay to Named Plaintiff and the members of the FLSA Collective Action Class, including a sum to compensate Named Plaintiff and the members of the FLSA Collective Action Class for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Named Plaintiff and the members of the FLSA Collective Action Class in the maximum amount available under the FLSA;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the members of the FLSA Collective Action Class;

H.      Award Named Plaintiff and the members of the FLSA Collective Action Class pre-judgment and post-judgment interest available under the FLSA;

I.      Award Named Plaintiff and the members of the FLSA Collective Action Class any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## COUNT II

### (INVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT OF 1968 ("PMWA"), 43 P.S. §§ 333.101, *ET SEQ.*
FAILURE TO PAY OVERTIME WAGES
(Named Plaintiff and State Class v. All Defendants)**

62.    Named Plaintiff re-alleges and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

63.    Defendants are each an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

64.    Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations.  None of the PMWA exemptions apply to Named Plaintiff or members of the State Class.

65.    Named Plaintiff and members of the State Class are victims of a uniform compensation policy.  On information and belief, Defendants are applying the same unlawful compensation policy to all of their non-exempt, TES workers.

66.    Defendants violated the overtime provisions of the PMWA as they failed to pay Named Plaintiff and members of the State Class the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a

workweek, in violation of 43 Pa.C.S. § 333.104(c). Overtime pay is, therefore, due and owing to Named Plaintiff and members of the State Class.

67. The PMWA requires that Defendants compensate Named Plaintiff and members of the State Class at a rate of at least one and one-half (1½) times their usual hourly wage for each hour of overtime. 43 Pa.C.S. § 333.104(c).

68. The total amount of compensation due to Named Plaintiff and members of the State Class by Defendants constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

69. Defendants' failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

70. Defendants further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by its employees.

71. Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

## PRAYER FOR RELIEF ON COUNT II

WHEREFORE, Named Plaintiff, Cindy Potts, on behalf of herself and the State Class, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Novitas Solutions, Inc. and Diversified Service Options, Inc., d/b/a Guidewell Source, jointly and severally, as follows:

(A)    Certify Count II as a class action;

(B)    Enter judgment in favor of Named Plaintiff and all members of the State Class and against Defendants, jointly and severally, for violations of the PMWA;

(C)    Award Named Plaintiff and all members of the State Class their unpaid wages and the amounts unlawfully contributed to the tip pool during the applicable statute of limitations period, in an amount to be shown at trial;

(D)    Award Named Plaintiff and all members of the State Class liquidated damages as provided under Pennsylvania law;

(E)    Award Named Plaintiff and all members of the State Class pre- and post-judgment interest at the legal rate;

(F)    Award Named Plaintiff and all members of the State Class their costs and reasonable attorneys' fees in bringing this action;

(G)    Enter an Order enjoining Defendants from future violations of the tip pooling, tip credit, and minimum wage provisions of the PMWA; and

(H)    Award Named Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT III

### (INVIDUAL AND CLASS ACTION CLAIMS)

**VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW ("PWPCL"), 43 P.S. §§ 260.1, *ET SEQ.***
**FAILURE TO PAY WAGES**
**(Named Plaintiff and State Class v. All Defendants)**

72.    Named Plaintiff re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

73.    Defendants are each an "employer" as that term is defined under the PWPCL, and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

74.    Named Plaintiff and members of the State Class are entitled to be paid one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a). The failure to pay said wages constitutes a violation of 29 U.S.C. § 215(a)(2).

75.    Defendant has failed to pay Named Plaintiff and members of the State Class one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Defendants have, therefore, failed to regularly pay Named Plaintiff and members of the State Class for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

76.    Accordingly, wages in the form of overtime pay are due and owing to Named Plaintiff and members of the State Class pursuant to Section 260.3(a) of the PWPCL.

77.    Defendant further violated the PWPCL through its failure to pay the Named Plaintiff and members of the State Class all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

78.    Defendants further violated the PWPCL by failing to record and pay for all hours worked, including but not limited to overtime.

79.    The total amount due to Named Plaintiff and members of the State Class by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

80.    In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Named Plaintiff and members of the State Class are entitled to

liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

81.    In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Named Plaintiff and members of the State Class are entitled to reasonable attorneys' fees associated with this action.

82.    The wages withheld from Named Plaintiff and members of the State Class were not the result of any bona fide dispute.

83.    Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

## PRAYER FOR RELIEF ON COUNT III

WHEREFORE, Named Plaintiff, Cindy Potts, on behalf of herself and the State Class, respectfully request that this Honorable Court enter Judgment in their favor and against Defendants, Novitas Solutions, Inc. and Diversified Service Options, Inc., d/b/a Guidewell Source, jointly and severally, as follows:

(A)    Certify Count III as a class action;

(B)    Enter judgment in favor of Named Plaintiff and all State Class members and against Defendants, jointly and severally, for failing to pay wages in violation of the PWPCL;

(C)    Award Named Plaintiff and each State Class member liquidated damages in an amount equal to twenty-five percent (25%) of the wages due or $500, whichever is greater, in addition to all wages due, in an amount to be shown at trial;

(D)    Award Named Plaintiff and all State Class members pre- and post-judgment interest at the legal rate;

(E)    Award Named Plaintiff and all State Class members their costs and reasonable attorneys' fees in bringing this action;

(F)    Enter an Order enjoining Defendants from future violations of the wage provisions of the PWPCL; and

(G)    Award Named Plaintiff and all State Class members any other relief this Court or a jury deems appropriate.

## <u>JURY DEMAND</u>

Named Plaintiff and all members of the FLSA Collective Action Class and State Class demand a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

**WEISBERG CUMMINGS P.C.**

Dated: June 22, 2022

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*