## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY POTTS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>NOVITAS SOLUTIONS, INC.,<br><br>and<br><br>DIVERSIFIED SERVICE OPTIONS, INC. d/b/a GUIDEWELL SOURCE,<br><br>      Defendants. | Case No.: 1:22-cv-00986-KM<br>Hon. Jennifer P. Wilson, U.S.D.J.<br>Hon. Karoline Mehalchick, C.U.S.M.J.<br><br>*ELECTRONICALLY FILED* |

## MEMORANDA OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

I.    INTRODUCTION                                              2

II.   SUMMARY OF THE LITIGATION                                 6

III.  SUMMARY OF KEY SETTLEMENT TERMS                           6

IV.   THE SETTLEMENT CLASS                                      6

V.    ISSUANCE OF NOTICE AND REACTION OF
      CLASS MEMBERS                                             6

VI.   THE SETTLEMENT SHOULD BE GRANTED
      FINAL APPROVAL                                            8

      A. Applicable Legal Standard For Final Approval Of Class Action
         Settlement Pursuant To Fed. R. Civ. P. 23             8

      B. The Proposed Settlement is Fair, Reasonable, and Adequate    11

            i.   Class Counsel Has Adequately Represented the Class    11

            ii.  The Settlement Was Negotiated at Arm's Length    13

            iii. The Relief Provided to the Class is Adequate    13

                  **a.** The relief provided to the class is adequate considering
                         the costs, risks, and delay of trial and appeal.    16

                  **b.** The relief provided to the class is adequate considering
                         the effectiveness of distributing relief to the class.    17

                  **c.** The relief provided to the class is adequate considering
                         the terms of the proposed award of attorneys' fees.    18

                  **d.** The relief provided to the class is adequate considering
                         there are no agreements required to be identified under
                         Rule 23(e).    19

iv.  The Settlement Treats Class Members Equitably
     to One Another                                              19

VII.  THE COURT SHOULD CERTIFY THE CLASSES FOR THE
      PURPOSE OF APPROVING THE SETTLEMENT                        20

      A. Numerosity is Satisfied                                 21

      B. Commonality is Satisfied                                21

      C. Typicality is Satisfied                                 22

      D. Adequacy is Satisfied                                   23

      E. Predominance is Satisfied                               24

      F. Superiority is Satisfied                                25

VIII.  THE COURT SHOULD APPROVE THE RELEASE OF
       FLSA CLAIMS                                               26

IX.    THE COURT SHOULD APPOINT THE UNDERSIGNED
       ATTORNEYS AS CLASS COUNSEL                                29

X.     CONCLUSION                                                29

## I.    __INTRODUCTION__

Plaintiff Cindy Potts ("Ms. Potts" or "Plaintiff") and Defendants, Novitas Solutions, Inc. ("Novitas") and Diversified Service Options, Inc., d/b/a Guidewell Source ("Guidewell," and collectively with Novitas as "Defendants"), have settled the above-captioned class and collective action. Accordingly, Plaintiff respectfully submits this Memorandum of law In Support of Plaintiff's Unopposed Motion to Grant Final Approval of Class Action Settlement. The Court previously granted Plaintiff's Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement and set a Final Approval Hearing for December 4, 2023. (ECF Nos. 34 and 37.) Now, after Court-approved notice has been sent to the Settlement Class Members, final approval of this settlement is appropriate.

On June 22, 2022, Plaintiff filed her class and collective action Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.* ("PMWA"), and Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"). (ECF No. 1.) More specifically, Plaintiff alleged that she and other similarly situated employees were misclassified as exempt from the mandatory overtime pay provisions and, as a result, did not receive overtime compensation when they worked more than forty (40) hours in a week, all in violation of the FLSA, PMWA, and PWPCL.

On December 8, 2022, the parties agreed to engage in Alternative Dispute Resolution ("ADR"), which was approved by the Court. (ECF No. 22.) The parties exchanged informal discovery, engaged in arm's-length settlement negotiations over a period of months, and attended a settlement conference on February 7, 2023, before Chief U.S. Magistrate Judge Karoline Mehalchick. *See* Ex. 1, Declaration of Derek W. Cummings, ¶ 7. Following the February 7, 2023, settlement conference before this Honorable Court, the parties reached a settlement of this action. *Id*. The terms of the Parties' Settlement are set forth in a Settlement Agreement filed on June 28, 2023 (attached hereto as Ex. 2, Settlement Agreement).

The settlement provides for a $500,000 settlement fund, inclusive of the monetary payments Defendants voluntarily and unconditionally paid to the Class Members prior to mediation, to resolve the claims of twenty-four (24) Targeted Education Specialist ("TES") workers. *See* Ex. 1, Cummings Decl. at ¶ 13-14; *See also*, Ex. 2, Settlement Agreement at ¶ 7. The common fund represents 100% of the unpaid overtime wages alleged and resulted in average estimated additional payments of over $3,800 to the TES Settlement Class members reflecting additional damages accessible under Federal and Pennsylvania wage and hour laws. Ex. 1, Cummings Decl. at 14-15. There is no claims process to receive these payments; instead, settlement payments will be mailed without the need to file a claim form. Ex. 2, Agreement, Notice of Settlement at ¶ 4. In exchange for the settlement

payments, class members will release only those claims that were or could have been asserted based on the facts alleged in the Complaint and only class members who negotiate their settlement checks will release their FLSA claims. Ex. 2, Agreement. By any measure, Class Counsel achieved an excellent result on behalf of class members.

In granting preliminary approval, the Court found that it would likely be able to approve the settlement, as it "falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval as defined by Federal Rule of Civil Procedure 23(e)." (ECF No. 34.)  After a comprehensive individualized notice program, there is no reason for the Court to rethink those findings. Consistent with the Order granting preliminary approval, the Court-approved Notice was mailed to twenty-four (24) Settlement Class Members by Defendants – who were appointed as the Settlement Administrator – pursuant to the terms of the Agreement and the Court's Preliminary Approval Order. Ex. 1, Cummings Decl. at ¶ 21, 22. The Notice advised Class Members of their right to opt out of the Settlement, object to the Settlement, or receive a monetary payment, and the implications of each such action. *Id*. at ¶ 24. The Notice also advised Class Members of applicable deadlines, including the date and time of the Final Approval Hearing, and how Class Members could obtain additional information. *Id*. at ¶ 25. As of the date of this filing, no Class Member has objected to the settlement or requested to be excluded. *Id*. at ¶ 26. The

favorable reaction of the class members - the people being paid and releasing claims as a part of this settlement - confirms what the objective metrics all demonstrate: this settlement is fair, reasonable, and adequate and should be granted final approval.

As discussed below, the Agreement satisfies all of the criteria for final approval under federal law and is fair, reasonable, and adequate. Accordingly, Plaintiff requests that the Court issue an order:

1)  Granting final approval of the Parties' Agreement;

2)  Granting approval to the terms and conditions contained in the Agreement as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

3)  Granting final certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and b(3) and 29 U.S.C. § 216(b), for settlement purposes;

4)  Finally approving Cindy Potts as the Representative of the Settlement Class and approving the service award in the amount of $5,000.00 for her service to the Settlement Class and in exchange for her additional released claims in favor of Defendants;

6)  Finally approving Weisberg Cummings, P.C. as Class Counsel for the Settlement Class, and approving Class Counsel's request for attorneys' fees in the amount of $166,666.67 and costs in the amount of $572.00;[1]

8)  Dismissing this class and collective action with prejudice.

Defendants do not oppose this motion, and Plaintiff has submitted a proposed final approval order for the Court's consideration.

---

[1] Class Counsel filed Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Memorandum of Law In Support on August 4, 2023, which is also scheduled to be heard at the Final Approval Hearing. *See* ECF Nos. 35 and 36.

## II.    SUMMARY OF THE LITIGATION

Plaintiff incorporates by reference the Summary of the Litigation section set forth in detail in Plaintiff's Memorandum of Law in Support of Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement, filed on December 3, 2021. (ECF No. 33, pp. 4-7.)

## III.    SUMMARY OF THE KEY SETTLEMENT TERMS

Plaintiff incorporates by reference the Summary of the Litigation section set forth in detail in Plaintiff's Memorandum of Law in Support of Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement, filed on December 3, 2021. (ECF No. 33, pp. 7-12.)

## IV.    THE SETTLEMENT CLASSES

The "Putative FLSA Collective" and the "Pennsylvania Wage Law Class" (collectively the "Class Members") include:

> all individuals employed by Novitas as Targeted Education Specialists during the relevant time period of June 22, 2019 to September 3, 2022 who did not receive timely payment of all regular and overtime wages to which they were entitled.

The Class Members comprise twenty-four (24) TES employees, including Plaintiff Potts.

## V.    ISSUANCE OF NOTICE AND REACTION OF CLASS MEMBERS

On June 28, 2023, Plaintiff filed her Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement and a Memorandum in Support (ECF Nos. 32 and 33.) On June 29, 2023, the Court entered an Order granting Plaintiff's motion and appointing Defendants as Settlement Administrator, finding that the Court would likely be able to approve the settlement, as it "falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval as defined by Federal Rule of Civil Procedure 23(e)." (ECF No. 34.)

On July 5, 2023, pursuant to the Court's Order, Defendants mailed the Court-approved class notice to members of the Settlement Class at their last-known addresses. Ex. 1, Cummings Decl. at ¶ 22. To date, none of the twenty-four (24) class notices were returned as undeliverable, concluding that 100% of the Class Members received individual notice by U.S. Mail. *Id*. at ¶ 23.

The response to the Settlement from Class Members has been overwhelmingly positive. The deadline for Class Members to opt-out or exclude themselves from the settlement was August 4, 2023. *Id*. at ¶ 26. To date, no Class Member has requested to be excluded or objected to the Settlement.  As such, there are twenty-four (24) eligible Class Members, including Plaintiff. *Id*.

Pursuant to the terms of the Agreement, Defendants shall process and mail by U.S. first class mail the Settlement Award Checks to all Class Members who have not opted out from participation in the Settlement within fourteen (14) days of the Court's final approval of the Settlement. *See* Ex. 2, Agreement at ¶ 8. Each Settlement Award check shall be valid for one hundred eighty (180) days after issuance (the "Claims Period"). *Id.* At the end of the Claims Period, the balance of any uncashed checks will revert to Releasees. *Id.* All settlement payments made to Class Members by Defendants will be reportable on an IRS Form 1099. *Id*. at ¶ 4.

## VI.    THE SETTLEMENT SHOULD BE GRANTED FINAL APPROVAL

### A.    Applicable Legal Standard For Final Approval Of Class Action Settlement Pursuant To Fed. R. Civ. P. 23

Under Rule 23(e)(2), as amended effective December 1, 2018, a proposed settlement may be approved only upon a "finding that it is fair, reasonable, and adequate after considering whether:

(A)    the class representatives and class counsel have adequately represented the class;

(B)    the proposal was negotiated at arm's length;

(C)    the relief provided for the class is adequate, taking into account;

     (i)    the costs, risks, and delay of trial and appeal;

     (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii)   the terms of any proposed award of attorneys' fees, including timing of payment; and

      (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D)   the proposal treats class members equitably relative to each other."

Fed. R. Civ. P. 23(e)(2).

The goal of the Court's inquiry is to determine whether the settlement is fair, reasonable, and adequate when considered from the perspective of the class as a whole. *See In re Baby Products Antitrust Litig.*, 708 F.3d 163, 173-74 (3d Cir. 2013) ("The role of a district court is not to determine whether the settlement is the fairest possible resolution . . . The Court must determine whether the compromises reflected in the settlement . . . are fair, reasonable, and adequate when considered from the perspective of the class as a whole."). And, where the negotiated resolution is fair, reasonable, and adequate, the Third Circuit favors settlement over protracted litigation. *In re Gen. Motors Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) ("The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation.").

     Trial courts generally are afforded broad discretion in determining whether to approve a proposed class action settlement. *Eichenholtz v. Brennan*, 52 F.3d 478,

482 (3d Cir. 1995). This discretion is conferred in recognition that "[the] evaluation of [a] proposed settlement in this type of litigation . . . requires an amalgam of delicate balancing, gross approximations and rough justice." *City of Detroit v. Grinnell Corp.*, 356 F. Supp. 1380, 1385 (S.D.N.Y. 1972), *aff'd in part and rev'd in part on other grounds*, 495 F.2d 448 (2d Cir. 1974). Thus, the Court considers whether the proposed settlement is within a "range of reasonableness" that experienced attorneys could accept in light of the relevant risks of the litigation. *See Walsh v. Great Atl. & Pac. Tea Co.*, 96 F.R.D. 632, 642 (D.N.J. 1983), *aff'd*, 726 F.2d 956 (3d Cir. 1983). There is a strong judicial policy in favor of resolution of litigation before trial, particularly in "class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re CertainTeed Corp. Roofing Shingle Prod. Liab. Litig.,* 269 F.R.D. 468, 484 (E.D. Pa. 2010) (quoting *Ehrheart v. Verizon Wireless*, 609 F. 3d 590, 595 (3d Cir. 2010)). A settlement is presumed to be fair if "(1) the negotiations occurred at arms' length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F. 3d 316, 326 (3d Cir. 2019) (*citing In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F. 3d 410, 436 (3d Cir. 2016)).

Applying these standards, the Court should grant final approval of this settlement.

**B.     The Proposed Settlement is Fair, Reasonable, and Adequate**

Pursuant to Rule 23(e)(2), the Court may grant final approval of a class action settlement if four enumerated factors are satisfied. Each of these factors are addressed in turn.

**i.     Class Counsel Has Adequately Represented the Class**

This factor focuses "on the actual performance of counsel acting on behalf of the class." *See* Advisory Committee Notes (Dec. 1, 2018) on Fed. R. Civ. P. 23 (hereafter "Advisory Committee Notes"). *see also In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 439 (3d Cir. 2016) (class counsel should "develop[] enough information about the case to appreciate sufficiently the value of the claims"); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004) (class counsel should have "adequate appreciation of the merits of the case before negotiating").

In this case, the adequacy factor is satisfied. First, Class Counsel have devoted a significant portion of their practice to prosecuting wage and hour claims. Because of this experience, Class Counsel have a deep knowledge of wage and hour practices, the type of evidence that typically exists, and how to value these claims. *See* Ex. 1,

Cummings Decl. at ¶¶ 2-4. Second, through the pleadings,[2] discovery, and data produced pursuant to Federal Rule of Evidence 408, Class Counsel have all of the information necessary to evaluate the merits of the claims, including how Defendant misclassified its TES employees as exempt for overtime purposes, evidence that it did not pay overtime to its TES employees, and  the wage and hour data necessary to calculate class-wide damages (which entailed reviewing the individual payroll records for all Class Members). *See* Ex. 1, Cummings Decl. at ¶¶ 6-9, 12. Third and most importantly, Class Counsel believe the relevant metrics show that this settlement is an excellent recovery for class members. Class counsel have achieved a significant recovery on behalf of the Class Members that provides recovery of what

---

[2] Defendants filed a First Amended Answer to Plaintiff's Complaint to set forth certain facts in greater detail and to more fully explicate their defenses. (ECF Doc. 16) The First Amended Answer explained that on September 7, 2022, Defendant Novitas sent Ms. Potts a check in the amount of $5,325.12, less applicable payroll deductions, representing payment in excess of (1) overtime premiums for Ms. Potts's reported and certified overtime hours worked between June 22, 2019, and the termination of her employment, and (2) a sum reflecting the increases in Ms. Potts's annual incentive payments resulting from the foregoing overtime payments. *Id.* Additionally, on September 28, 2022, Defendant Novitas sent Ms. Potts a second check in the amount of $5,325.12, representing payment in excess of all enhanced damages available to her under the FLSA and Pennsylvania law. *Id.* Moreover, on September 8, 2022, Defendant Novitas sent retroactive payment to all TES Employees reflecting their overtime premiums for all hours worked from June 22, 2019, through September 3, 2022, along with a sum reflecting the increase in each employee's annual incentive payments resulting from the foregoing overtime payments (the "September 28, 2022 TES Payments"). Finally, effective September 4, 2022, Defendant Novitas reclassified the TES position as non-exempt from the FLSA's mandatory overtime provisions and began paying TES employees on an hourly basis and for all overtime hours worked in a workweek.

would reflect unpaid overtime for all hours certified on timekeeping records submitted to Defendants by the Class Members, as well as liquidated damages under the FLSA and Pennsylvania law, and payment of pre-judgment interest to each Class Member. For these reasons, the Court should find that the class has been adequately represented.

### ii. The Settlement Was Negotiated at Arm's Length

This factor focuses on whether the settlement negotiations "were conducted in a manner that would protect and further the class interests." *See* Fed. R. Civ. P. 23(e), Advisory Committee Notes. Here, this factor is satisfied because the settlement was achieved through arm's-length negotiations culminating in a nearly all-day settlement conference overseen by Chief U.S. Magistrate Karoline Mehalchick on February 7, 2023. *See* Ex. 1, Cummings Decl. at ¶ 7; *In re Viropharma Inc. Sec. Litig.*, 2016 WL 312108, at *8 (E.D. Pa. Jan. 25, 2016) (noting that "participation of an independent mediator . . . virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties") (internal quotations omitted). Thus, the settlement satisfies this factor.

### iii.    The Relief Provided to the Class is Adequate

Rule 23(e) requires the Court consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the

class, including the method of processing class member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). Fed. R. Civ. P. 23(e)(2)(C)(i-iv).

In this case, there is no doubt these factors point towards settlement approval. All of the factors identified by Rule 23(e)(2)(C) should be viewed in light of the meaningful monetary benefit this settlement confers on class members and the fact that class members will be mailed a check without the need to participate in a claims process. Based on class-wide wage and hour data, Plaintiff calculated class-wide unpaid overtime wages, along with accompanying incentive pay, of $229,125.46. The common fund, which includes payments already made by Defendants to the Class Members as a result of this litigation, represents 100% of the unpaid overtime wages at issue, along with accompanying damages available by statute which would have been available to the Class Members had a judgment been entered in their favor. Likewise, the average class member payment—net of all fees, service awards, and administration costs—are estimated to be over $3,800.  That is a significant recovery in any wage case (and class actions generally).[3] *See* Ex. 1, Cummings Decl. at ¶ 14.

---

[3] *See, e.g., Kauffman v. U-Haul Int'l, Inc.*, 2019 WL 1785453, at *3 (E.D. Pa. Apr. 24, 2019)(Leeson, J.) (approving wage and hour settlement where "Plaintiff will receive payment of a meaningful portion (approximately 28%) of his alleged unpaid overtime wages..."); *Mehling v. N.Y. Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2006) (approving settlement that represented 20% of best possible recovery and

Further, the percentage of overtime wages recovered, the size of the common fund, and the amount of the individual payments compare favorably to settlements of other wage cases. For example, in a case in the Western District of Pennsylvania, the district court approved a class action settlement of FLSA and PMWA tip credit notice claim. *Koenig v. Granite City Food & Brewery, LTD, et al.*, Case No. 2:16CV01396, ECF Doc. 125 (W.D. Pa. March 28, 2018). The *Koenig* settlement provided for a $305,000 common fund representing 41.7% of the unpaid minimum wages at issue and provided for a $703.37 average payment. *Id.* at ¶¶ 10, 14. By any metric, the relief in this case – a $500,000 settlement fund, 100% of the unpaid overtime wages alleged, and an average estimated additional settlement payment of over $3,800 to the Settlement Class members reflecting additional damages accessible under Federal and Pennsylvania wage and hour laws – more than compares to the relief in *Koenig*.

And, in addition, the notice process in this case confirms that the relief provided to class members is adequate. No Class Members objected to the

---

noting courts that have approved settlements with even lower ratios); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010); (approving a class action settlement that recovered "approximately one-third of claimed unpaid wages" and finding "there can be no doubt that the results achieved for the class members are exceptional."); *Southwood v. Milestone Mgmt. PA-Feasterville, LLC*, No. CV 19-2569, 2020 WL 5554396, at *4 (E.D. Pa. Sept. 15, 2020) (approving FLSA and PMWA settlement for "54% of the amount Plaintiff claims to be owed" and finding this to be a "positive result.").

settlement, and no Class Members requested to be excluded. This favorable response weighs in favor of settlement approval.

### a. The relief provided to the class is adequate considering the costs, risks, and delay of trial and appeal.

Considering the costs, risks, and delay of trial and appeal, the proposed settlement satisfies Rule 23(e)(2)(C)(i). As noted above, the settlement confers a significant monetary payment on Class Members representing 100% of their alleged unpaid overtime wages and an average estimated additional settlement payment of over $3,800. This would be an excellent recovery in any wage and hour case, but it is particularly so when weighed against the procedural and substantive risks in the case. *See* Ex. 1, Cummings Decl. at ¶ 30.

Procedurally, the settlement provides a class-wide recovery immediately with no risks associated with obtaining and maintaining class and conditional certification, although Plaintiff is confident her claims should be granted both conditional and class certification, that result is not guaranteed. To obtain this result at trial would require not only obtaining conditional and class certification but also defeating motions for decertification.

With respect to the merits, Plaintiff is confident in the merits of her overtime claim. However, Defendants are not without defenses. For example, Defendants denied that their TES employees were misclassified and owed any overtime wages. *See*, Defs.' Am. Answer at ¶ 28. (ECF No. 16). Though Plaintiff disputed this based

16

on the work these TES employees performed, these arguments are nonetheless defenses that a jury would be permitted to consider. Additionally, Defendants argued that the retroactive payments they made to these TES employees after the litigation was filed satisfied payment of any unpaid wages. *Id*. Again, even though Plaintiff disputed this considering these payments did not include the entire amount of damages recoverable in this litigation, the payments did create an issue that would need to be addressed at trial.

Moreover, to obtain benefits exceeding those provided by the proposed settlement, Plaintiff would be required to obtain conditional and class certification, defeat motions for class and collective decertification, defeat motions for summary judgment, prevail at trial, and prevail on appeal. Ex. 1, Cummings Decl. at ¶ 32. This process would be both long and costly. Further, if Plaintiff lost any issue at any stage, the class would recover *nothing*. This factor weighs in favor of settlement approval.

### b. The relief provided to the class is adequate considering the effectiveness of distributing relief to the class.

Under this factor, the Court "scrutinize[s] the method of claims processing to ensure that it facilitates filing legitimate claims" and "should be alert to whether the claims process is unduly demanding." Advisory Committee Notes. In this case, class members are not required to file any claim forms or take any affirmative steps to receive a settlement payment. Instead, unless class members request to be excluded, they will automatically be sent a check for their settlement amount. *Id*. at ¶ 20.

17

Moreover, every individual covered by the settlement was sent an individualized notice to their last known address explaining the settlement and specifying his or her anticipated settlement payment amount. *Id*. at ¶ 24. Those notices reached 100% of the Class Members. *Id*. This factor is satisfied and weighs in favor of settlement approval.

### c. The relief provided to the class is adequate considering the terms of the proposed award of attorneys' fees.

This factor recognizes that "[e]xamination of the attorney-fee provisions may also be valuable in assessing the fairness of the proposed settlement." Advisory Committee Notes. In this case, Class Counsel has petitioned the Court for an award of attorneys' fees of one-third of the common fund, or $166.666.67, plus reasonable expenses of $572.00. *See* Pl.'s Mot. for Approval of Fees, ECF No. 35 p.1 and ECF No. 36 p.2.[4]

As Class Counsel explained in their contemporaneously filed motion for attorneys' fees, this award is warranted based on the results achieved through the significant and, thus far, uncompensated work of Class Counsel. Indeed, courts in the Third Circuit have frequently awarded higher percentages than the one-third Class Counsel seeks. *See, e.g., Rouse v. Comcast Corp.*, 2015 WL 1725721, at *12 (E.D. Pa. Apr. 15, 2015) (in wage and hour case, "Class Counsel's requested fee

---

[4] A 33.33% fee recovery is the "benchmark" in wage and hour cases. *Tompkins v. Farmers Ins. Exch.*, 2017 WL 4284114, at *9-10 (E.D. Pa. Sept. 27, 2017).

award represents approximately 35% of the common fund created by the Settlement Agreement . . . This at the high end of the range; however, it is consistent with fee awards approved in this Circuit and in the country for similar wage and hour cases."); *Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483, 497 (E.D. Pa. 2018) (in wage and hour case, granting fee award of "approximately 35% of the common fund"); *Southwood v. Milestone Mgmt. PA-Feasterville, LLC*, 2020 WL 5554396, at *5 (E.D. Pa. Sept. 15, 2020) (in wage and hour case, awarding "fee in the amount of 35% of the settlement amount"). This factor is satisfied and weighs in favor of settlement approval.

> **d.  The relief provided to the class is adequate considering there are no agreements required to be identified under Rule 23(e).**

The only agreement between the parties is the Agreement. *See* Ex. 1, Cummings Decl. at ¶ 13. This factor is therefore satisfied and weighs in favor of settlement approval.

> **iv.  The Settlement Treats Class Members Equitably to One Another**

This factor seeks to prevent the "inequitable treatment of some class members vis-à-vis others." Advisory Committee Notes. In this case, counsel worked to create a formula that pays each Class Member a proportional, or equitable, share of the Net Allocation Fund based on their certified hours worked and resulting portion of wage payments sent to all Class Members by Defendants during the pendency of the

19

litigation. These initial payments sent by Defendants reflected payment for all overtime hours worked by the Class Members during the Class Period based on timekeeping records submitted and certified by each Class Member. The Net Allocation Fund, then, pays the Class Members proportionally based on this data, which has been analyzed and approved by the parties. ECF Doc. 33-2, Exhibit B.

This factor is therefore satisfied and weighs in favor of settlement approval. The settlement should be approved as fair, reasonable, and adequate under Rule 23(e).

## VII.  THE COURT SHOULD CERTIFY THE CLASSES FOR THE PURPOSE OF APPROVING THE SETTLEMENT

Because the requirements for approval of the settlement under Rule 23(e)(2) have been met, the Court can turn to the question of class certification. Class Counsel request certification of the Settlement Class for settlement purposes. To obtain class certification, Plaintiff must meet Rule 23(a)'s four requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 482 (3d Cir. 2015), *see also* Fed. R. Civ. P. 23(a). In addition, Plaintiff must satisfy Rule 23(b)(3)'s two additional requirements: (1) common questions of law or fact must "predominate over any questions affecting only individual members" and (2) "a class action [must be] superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P.

23(b)(3). Consistent with the Court's findings at the preliminary approval stage, these requirements are met here.

### A.    Numerosity is Satisfied

The numerosity inquiry tests whether joinder of all class members in a single proceeding would be impracticable. *See* Fed. R. Civ. P. 23(a)(1). While there is no magic number that satisfies the numerosity requirement, the Third Circuit has acknowledged, as a general rule, that a class of twenty (20) or fewer fails to meet the numerosity requirement. *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 250 (3d Cir. 2016). While a class of twenty-plus is not guaranteed to meet the numerosity requirement, Courts tend to find numerosity when the class is ascertainable rather than speculative. See *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 357 (3d Cir. 2013) ("Mere speculation as to the number of class members—even if such speculation is 'a bet worth making'—cannot support a finding of numerosity.")

Here, the class is made of twenty-four (24) employees. This number surpasses the Court's general rule against finding numerosity for a class of fewer than twenty (20) and each member of the class is ascertainable by name, address, and employee number; there is no speculation as to the number of Class Members. Numerosity is thus satisfied.

### B. Commonality is Satisfied

This Court has previously noted that commonality "will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Huffman v. Prudential Ins. Co. of Am.*, 2018 WL 583046, at *8 (E.D. Pa. Jan. 29, 2018) (Leeson, J.), (quoting *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)). Usually this standard is "easily met." *Id.*

In this case, the Settlement Class Members share the common legal and factual questions of whether the Settlement Class Members were entitled to overtime pay under the FLSA or PMWA's overtime pay policies; whether the Settlement Class Members were denied compensation for overtime hours worked; and whether Defendant's alleged failure to pay the Settlement Class Members compensation for overtime hours worked violated the federal or state wage and hour laws. While these are not the only legal and factual questions common among each member of the Settlement Class, these questions of law and fact are alone sufficient to satisfy the commonality requirement. Accordingly, the class meets the commonality requirement.

### C. Typicality is Satisfied

The typicality requirement is meant to ensure that the named plaintiff's claims and theories of liability are typical of the classes he or she seeks to represent. *Huffman*, 2018 WL 583046, at *9 ("The Third Circuit has noted that cases

challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims.") (internal quotations omitted).

Here, the Named Plaintiff's claims for unpaid overtime compensation during weeks she worked in excess of forty (40) hours in a workweek as a Targeted Education Specialist are typical of – if not identical to – the types of claims of the proposed Settlement Class. These employees worked in the same position, under the same policies, and under the same pay structure of Defendants all during the Class Period. Thus, typicality is met here.

### D.    Adequacy is Satisfied

Rule 23(a)(4)'s adequacy requirement is satisfied "if (1) the interests of the class representative do not conflict with the class members' interests and (2) class counsel are experienced, vigorously prosecuted the action, and acted at arm's length from the defendant." *See Huffman*, 2018 WL 583046, at *9 (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 532 (3d Cir. 2004)).

In this case, there are no conflicts of interest between Named Plaintiff Potts and the Settlement Class. Plaintiff Potts, as a member of the class, has been incentivized to maximize recovery for the class, which she has done. Likewise, Plaintiff has engaged counsel who have collectively prosecuted numerous class and

collective actions against a variety of employers for the same or similar wage and hour claims. The adequacy requirement is thus met.

### E.     Predominance is Satisfied

Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The Supreme Court recently summarized the predominance test as follows:

> The predominance inquiry "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." When "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members."

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (internal citations omitted).

Here, predominance is satisfied because the success or failure of Plaintiff's challenge to Defendants' classification of the TES position as exempt and their common practice of not paying overtime to these employees will require the Court to apply common legal principles to common facts. Specifically, the Settlement Class Members share the common legal and factual questions of whether the Settlement Class Members were misclassified and thus entitled to overtime pay

under the FLSA or PMWA's overtime pay policies; whether the Settlement Class Members were denied compensation for overtime hours worked; and whether Defendant's failure to pay the Settlement Class Members compensation for overtime hours worked violated the federal or state wage and hour laws. These predominant issues affect the entire Settlement Class. Consequently, predominance is met here.

### F.    Superiority is Satisfied

Rule 23(b)(3) also requires the Court "to balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication," and "sets out several factors relevant to the superiority inquiry." *In re Prudential Insurance Co. America Sales Practice Litig.*, 148 F.3d 283, 315-16 (3d Cir. 1998). As discussed below, these factors weigh strongly in favor of class certification:

First, Rule 23(b)(3)(A) requires courts to consider class members' "interests in individually controlling the prosecution or defense of separate actions." This requirement is intended to protect against class certification where individual class members have a strong interest in "individually controlling" the litigation because, for example, the individual claims are emotionally charged or involve significant damages amounts. Newberg on Class Actions § 4:69. This is not such a lawsuit. Here, the average settlement payment exceeds $3,800 and, though undoubtedly material to class members, damages at this level are best and most efficiently

prosecuted through representative litigation. Further, this case does not involve personal injuries or other emotionally charged issues.

Second, Rule 23(b)(3)(B) requires courts to consider "the extent and nature of any litigation concerning the controversy already begun by" class members. This factor is not relevant because no related litigation exists.

Third, Rule 23(b)(3)(C) requires courts to consider the desirability of "concentrating the litigation of the claims in a particular forum." Fed. R. Civ. P. 23(b)(3)(C). Here, concentration of all claims in this Court is both efficient and desirable because all of the class members either worked in or around this judicial district, or reported directly to management in this district.

Fourth, Rule 23(b)(3)(D) requires the court to consider any "likely difficulties in managing the class action." Fed. R. Civ. P. 23(b)(3)(D). This requirement is automatically satisfied when a case is certified for settlement purposes. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620, 117 S. Ct. 2231, 2248 (1997). Superiority is therefore satisfied in this case.

Thus, because Plaintiff has met the requirements for class certification under Rule 23(a) and (b)(3), the Court should certify the classes for settlement purposes.

## VIII.  THE COURT SHOULD APPROVE THE RELEASE OF FLSA CLAIMS

For the same reasons that the settlement is fair, reasonable, and adequate under Rule 23(e)(1), the settlement likewise is a fair and reasonable resolution of a *bona*

*fide* dispute warranting approval of the FLSA release. This Court has described the

standard for approving settlements resolving FLSA claims as follows:

> A proposed settlement resolves a bona fide dispute when it reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, rather than a mere waiver of statutory rights brought about by an employer's overreaching. In determining whether a compromise is fair and reasonable, courts in this Circuit consider both: (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA.

*See Yong Li v. Fam. Garden II, Inc.*, 2019 WL 1296258, at *2 (E.D. Pa. Mar. 20,

2019) (Leeson, J.) (internal citations and quotations omitted). "Although the Third

Circuit has not yet specifically addressed what factors district courts should consider

in evaluating settlements under the FLSA, district courts in this Circuit have referred

to the considerations set forth in *Lynn's Food Stores*." *In re Chickie's & Pete's Wage*

*& Hour Litig.*, No. 12-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014)

(citations omitted). Under *Lynn's Food Stores*, a district court may find that a

proposed settlement resolves a *bona fide* dispute when it "reflect[s] a reasonable

compromise over issues, such as FLSA coverage or computation of back wages, that

are actually in dispute." *Chickie's*, 2014 WL 911718, at *2 (citing *Lynn's Food*

*Stores*, 679 F. 2d at 1354)). "In essence, for a bona fide dispute to exist, the dispute

must fall within the contours of the FLSA and there must be evidence of the

defendant's intent to reject or actual rejection of that claim when it is presented."

*Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 3d 746, 763 (E.D. Pa. 2016).

27

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate guarantor of fairness." *Kauffman v. U-Haul Int'l, Inc.*, No. 5:16-cv-04580, 2019 WL 1785453, at *2 (E.D. Pa. Apr. 24, 2019). In addition, "a strong presumption of fairness attaches to proposed settlements that have been negotiated at arms-length." *Id.* "[A] dispute concerning overtime pay owed to class members is precisely the type of dispute the FLSA is designed to address" *Altnor,* 197 F. Supp. 3d at 763 (citing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).

In this case, the parties vigorously disputed Defendants' classification of the TES position as exempt for overtime purposes, as well as the damages owed to these employees in the event they were misclassified. As such, the Court can conclude this litigation involved a *bona fide* dispute of FLSA liability. *Yong Li*, 2019 WL 1296258 at *2 (noting a *bona fide* dispute existed where defendants denied they violated the FLSA). Further, the recovery of 100% of their alleged unpaid overtime wages and an average estimated additional settlement payment of over $3,800 represents a fair and reasonable compromise of legitimately disputed liability under the FLSA. *See Kauffman v. U-Haul Int'l, Inc.*, 2019 WL 1785453, at *3 (E.D. Pa. Apr. 24, 2019) (Leeson, J.) (approving FLSA settlement where plaintiff recovered 28% of alleged unpaid overtime and referring to settlement as "payment of a meaningful portion ... of his alleged unpaid overtime wages"). Lastly, the release of claims in this case is

28

narrowly tailored to the facts asserted in the Complaint, which were the subject of investigation, litigation, and extensive discovery prior to the settlement conference and there is no confidentiality provision. *Yong Li*, 2019 WL 1296258 at *3 (holding appropriately narrow release meant the settlement did not frustrate the purpose of the FLSA). Further, only those class members who sign and deposit their settlement checks thereby evidencing their intent to participate will release their FLSA claims. The release of FLSA claims under these circumstances is a fair and reasonable resolution of a *bona fide* dispute. As a result, the release of FLSA claims as a part of this settlement represents a fair and reasonable resolution of a *bona fide* dispute.

## IX. THE COURT SHOULD APPOINT THE UNDERSIGNED ATTORNEYS AS CLASS COUNSEL

The Court should confirm its appointment of Weisberg Cummings, P.C. as class counsel pursuant to Rule 23(g). In addition, because Plaintiff Potts has diligently and successfully fulfilled his responsibilities as the representative of the class, the Court should confirm its appointment of him as class representative.

## X. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) certify the settlement class for purposes of judgment on the settlement pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e); (2) appoint Weisberg Cummings, P.C. as Class Counsel and Plaintiff Potts as the settlement Class Representative; (3)

grant final approval of the settlement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (4) order the parties to abide by the terms of the settlement agreement; (5) grant the relief requested in Plaintiff's previously filed Unopposed Motion for Attorneys' Fees and Costs to Class Counsel and Service Award to Plaintiff.

Dated: <u>November 6, 2023</u>                    Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

<u>*/s/ Derrek W. Cummings*       </u>
Derrek W. Cummings, PA Bar 83286
Larry A. Weisberg, PA Bar 83410
Michael J. Bradley, PA Bar 329880
2704 Commerce Dr., Suite B
Harrisburg, Pennsylvania 17110
(717) 238-5707
(717) 233-8133 (Fax)
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com
mbradley@weisbergcummings.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.


**WEISBERG CUMMINGS, P.C.**


Dated: <u>November 6, 2023</u>

*/s/ Derrek W. Cummings*
Derrek W. Cummings