IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY POTTS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NOVITAS SOLUTIONS, INC.,<br><br>and<br><br>DIVERSIFIED SERVICE OPTIONS, INC. d/b/a GUIDEWELL SOURCE,<br><br>Defendants. | Case No.: 1:22-cv-00986-KM<br><br>CLASS AND COLLECTIVE ACTION<br><br>Hon. Karoline Mehalchick, C.U.S.M.J. |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

AND NOW, this 4th day of December, 2023, upon consideration of Plaintiff's Unopposed Motion for Final Approval of the Settlement Agreement, the Court grants Plaintiff's Motion and ORDERS as follows:

1. The Parties' Settlement Agreement is finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

2. The Court grants approval to the terms and conditions contained in the Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

3. For Settlement purposes, the Court finally certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and 29 U.S.C. § 216(b):

> All individuals employed by Novitas as Targeted Education Specialists during the relevant time period of June 22, 2019 to September 3, 2022 who, according to Plaintiff's allegations, did not receive timely payment of all regular and overtime wages to which they were entitled.

4. For Settlement purposes, the Court finds that the requisites for establishing class certification pursuant to Fed. R. Civ. P. 23(a) and (b)(3) with respect to the Settlement Class Members have been and are met, with respect to numerosity, commonality, typicality, adequacy, and finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court further finds that the proposed Settlement Class is similarly situated such that certification of a collective is appropriate under 29 U.S.C. § 216(b).

5. Plaintiff Cindy Potts is finally approved as the Class Representative of the Settlement Class and the Service Award in the amount of $5,000.00 to Plaintiff Potts for her service to the Class and in exchange for her additional released claims in favor of Defendants is approved;

6. Weisberg Cummings, P.C. is finally approved as Class Counsel for the Settlement Class;

7. Plaintiff's Unopposed Motion for Attorneys' Fees and Costs (ECF No. 35) as set forth in the accompanying Memorandum of Law (ECF No. 36) is granted, and payment of attorneys' fees in the amount of $166,666.67 and costs in the amount of $572.00 are finally approved;

8. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure;

9. Without effecting the finality of this Final Judgment in any way, the Court reserves the exclusive jurisdiction over this action, Plaintiff Potts, the certified classes, and Defendants for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all other settlement administration matters.

BY THE COURT:

Dated: 12-4-23

Karoline Mehalchick
Chief Magistrate Judge